# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JWUAN MORELAND, | ) | |
|         Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:13-cv-415-JMS-WGH |
| | ) | No. 2:10-cr-0007-JMS-CMM-07 |
| UNITED STATES OF AMERICA. | ) | |
| | ) | |
|         Respondent. | ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

Jwuan Moreland was convicted in of being a felon in unauthorized possession of a gun. *United States v. Moreland*, 703 F.3d 976, 989 (7th Cir. 2012). He now challenges that conviction pursuant to 28 U.S.C. § 2255 based on his claim that he was denied the effective assistance of counsel.

## I.

### A.

"[A] district court cannot reach the merits of an appealable issue in a § 28 U.S.C. § 2255 proceeding unless that issue has been raised in a procedurally appropriate manner." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). The United States argues that Moreland's § 2255 motion is barred by waiver by not presenting his ineffective assistance of counsel in his direct appeal. However, it is not barred because ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States,* 538 U.S. 500, 504 (2003). In fact, the

Seventh Circuit has identified § 2255 motions as a more appropriate venue than direct appeal for raising ineffective assistance of counsel claims, as the opportunity to adequately "develop the factual predicate for the claim" arises independent of the trial record. *Id.*

Accordingly, the court **rejects** the United States' argument that Moreland's ineffective assistance of counsel claim has been waived because such claims are an exception to the rule of procedural default and generally may be raised during a collateral challenge.

**B.**

As to the claim itself, to prevail on an ineffective assistance claim a petitioner must establish that his Acounsel's performance was deficient@ and that Athe deficient performance prejudiced the defense.@ *Strickland v. Washington,* 466 U.S. 668, 686 (1984). To demonstrate deficient performance, the petitioner must show Athat counsel's representation fell below an objective standard of reasonableness.@ *Id.*, at 688. With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* 466 U.S. at 694.

Moreland was indicted on June 15, 2010 with several others in No. 2:10-cr-007-JMS-CMM. Moreland was charged with participating in a drug conspiracy in Count 1 and was charged with possession of a firearm by a convicted felon in Count 3. He went to trial and on March 15, 2010 a jury returned verdicts of not guilty as to count 1 and guilty as to count 3. His conviction was affirmed on appeal as already noted.

The firearm associated with Moreland's felon-in-possession offense was found during a search of Moreland's house on March 27, 2010. The firearm, a .357 caliber Taurus revolver, was admitted into evidence through the testimony of Detective Denzil Lewis. Lewis testified that he

had lawful authority to search Moreland's residence on that occasion. Moreland contends that the search was unreasonable, but he does not refute or even mention the Lewis testimony that the search was lawful.

There was no pretrial motion to suppress the firearm. This is the failing Moreland attributes to his attorney. When the claim of ineffective assistance is based on counsel's failure to present a motion to suppress, [the Seventh Circuit] [has] required that a defendant prove the motion was meritorious.@ *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005) (citing *Owens v. United States*, 387 F.3d 607, 610 (7th Cir. 2004); *United States v. Stewart*, 388 F.3d 1079, 1084 (7th Cir. 2004)). AIf there was no underlying constitutional violation, a motion to suppress would have been futile and counsel could not be viewed as ineffective for failing to present such a motion.@ *A.M. v. Butler*, 360 F.3d 787, 795 (7th Cir. 2004) (citing *Strickland*, 466 U.S. at 686).

Moreland has not shown that a motion to suppress the firearm would have been successful, and the circumstances here show just the opposite. Accordingly, Moreland has failed to show that his attorney rendered deficient performance by not filing such a motion or that he suffered prejudice as a result. He did not suffer from the ineffective assistance of counsel at trial.

Moreland seeks an evidentiary hearing. "[A] district court *must* grant an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States,* 467 F.3d 1063, 1067 (7th Cir. 2006) (emphasis in original) (internal quotations omitted). `However, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," then a hearing is not required. *Id., quoting* 28 U.S.C. § 2255; *see also Bruce v. United States,* 256 F.3d 592, 597 (7th Cir. 2001). For an evidentiary hearing to be granted, the Seventh Circuit requires that a motion made pursuant to § 2255 "include an

affidavit setting forth the specific basis for relief." *Kafo,* 467 F.3d at 1067. The affidavit is a threshold requirement; "its absence precludes the necessity of a hearing." *Id.* Moreland has not offered such and affidavit, and this explains why no evidentiary hearing is warranted in this case.

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky,* 130 S. Ct. 1473, 1485 (2010). Moreland has not met his burden of meeting that requirement here. His representation was constitutionally sufficient. The records and file in this action show that Moreland is not entitled to the relief he seeks. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action must be dismissed with prejudice.

Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Moreland has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 06/19/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Jwuan Moreland
Reg. No. 09482-028
FCI-Greenville
P.O. Box 5000
Greenville, IL   62246